IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 4:25-cv-04589 |
| § | |
| DIGITAL INTELLIGENCE SYSTEMS, LLC § dba DEXIAN DISYS, § § | |
| Defendant. § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NATURE OF THE ACTION**

1. This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Austin Vogt ("Vogt" or "Charging Party"). As alleged with greater particularity below, Defendant Digital Intelligence Systems, LLC dba Dexian DISYS has engaged in unlawful discrimination by failing to accommodate Vogt in the hiring process and by failing to hire him, and/or interfering with his opportunity to obtain employment in the workplace, because of his disability.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

1

amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Digital Intelligence Systems, LLC dba Dexian DISYS (hereinafter "DISYS" or "Defendant") has continuously been a Virginia corporation with a principal address and headquarters at 8270 Greensboro Drive, Suite 1000, McLean, VA 22102, and a principal address at 4151 Lafayette Center Dr., Suite 600, Chantilly, VA 20151-1230, doing business in the State of Texas, in the City of Houston, County of Harris, including at the location of 1301 Fannin St., Ste 1600, Houston, TX 77002.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Defendant's registered agent for service of process is National Registered Agents, Inc., located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Vogt filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10. On August 16, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On October 30, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. DISYS is a globally managed staffing and services company which provides information technology staffing and consulting services, as well as finance and accounting staffing. DISYS employs its own workforce, including recruiters and other agents, and regularly procures employees for employer clients or employees for opportunities to work for an employer.

16. In May 2023, Vogt was recruited by DISYS for a Sr. Project Accounting Analyst position with one of Defendant's clients.

17. On May 16, 2023, DISYS posted a Sr. Project Accounting Analyst position to be

3

filled for one of DISYS's clients. The position was advertised for one day.

18. On May 16, 2023, one of DISYS's Technical Recruiters attempted to contact Vogt about the Sr. Project Accounting Analyst position after reviewing Vogt's resume on the job search website, Career Builder. The recruiter attempted to contact Vogt by phone but received no answer.

19. The recruiter then emailed Vogt to inform Vogt that he might be a good fit for the Sr. Project Accounting Analyst position. The recruiter provided some details about the job to Vogt in the email.

20. On the same date, May 16, 2023, Vogt responded by email that he was interested in the job and would like to learn more. He attached an updated resume.

21. Approximately five minutes later, the recruiter emailed Vogt, and stated that, while he appreciated Vogt's response, he needed "to connect on a call to discuss about this job and about [Vogt's] availability." The recruiter provided his "official" phone number.

22. Approximately three minutes after his last email, the recruiter again attempted to call Vogt, who did not answer.

23. Approximately three minutes after that the recruiter texted Vogt from what the recruiter identified as his official number, stating that he had received Vogt's resume for the Sr. Project Accounting Analyst position and asking Vogt to call him.

24. Approximately nine minutes later, Vogt responded to the recruiter by text. Vogt stated in the text that he is "hard of hearing" and, thus, unable to hear on the phone. He informed the recruiter that he normally uses Microsoft Teams or Google Meet to communicate remotely. Vogt indicated that he communicates primarily by speaking English, not American Sign Language (ASL). He invited questions from the recruiter and stated that he, Vogt, is "one of those rare breeds" with whom most people have not worked.

25. The recruiter's persistent recruiting of Vogt then ceased. The recruiter did not respond to Vogt's text describing his disability and his need for an accommodation for an interview.

26. Approximately three-and-one-half hours later, Vogt again texted the recruiter to ask him if he had not received Vogt's earlier text or if he (the recruiter) had decided not to "go forward" with Vogt because the recruiter did not know how to communicate with Vogt.

27. The recruiter failed to respond, even to tell Vogt that he had been eliminated from consideration for the job, if he had in fact been eliminated, and Vogt never again heard from the recruiter or any other DISYS agent or representative.

28. Since at least May 2023, DISYS has engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a), including denying job opportunities to Vogt, as a qualified individual with a disability.

29. Vogt is a qualified individual with a disability under Sections 3(1)(A) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A) and 12111(8), in that he has a physical impairment (deafness) that substantially limits a major life activity (hearing).

30. Vogt is a qualified individual with a disability under Section 101(8) of the ADA, 42 U.S.C. § 12111(8), in that he is able, and was able at the relevant time, to perform the essential functions of the job of Sr. Project Accounting Analyst with or without an accommodation.

31. Vogt is a qualified individual with a disability under Sections 3(1)(C), 3(3)(A), and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(C), 12102(3)(A) and 12111(8), in that he was regarded as disabled by DISYS.

32. Defendant subjected Vogt to discrimination, including an adverse employment action (failure to hire). These actions by Defendant were taken on the basis of discriminatory animus against Vogt's disability and because of his actual disability or because he was regarded

as disabled, in violation of Sections 102(a), (b)(1), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), and (b)(5)(B), and any other applicable provision of the ADA.

33. In addition, Defendant failed to reasonably accommodate Vogt during the interview process to enable him to be considered for the job opening. Vogt was able to interview for the position of Sr. Project Accounting Analyst with a simple accommodation he identified. Defendant was aware of Vogt's actual disability and his need for an accommodation for an interview but failed to grant or even consider an accommodation. Defendant failed even to engage in the interactive process to determine if a reasonable accommodation was necessary or available. Defendant's actions violated Sections 102(a), 102(b)(1), and 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(a), (b)(1), and (b)(5)(A), and any other applicable provision of the ADA.

34. The effect of these unlawful practices has been to deprive Vogt of equal employment opportunities, and to otherwise adversely affect his employment status as an applicant because of his disability within the meaning of the ADA.

35. As a result of Defendant's unlawful actions, Vogt suffered pecuniary and non-pecuniary losses and damages.

36. The unlawful employment acts, omissions and practices complained of in paragraphs 18-33 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

37. The unlawful employment practices complained of in paragraphs 18-33 above were done with malice or with reckless indifference to Vogt's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination based on disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Austin Vogt by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 18-33 above, including, but not limited to, instatement of Austin Vogt to an appropriate and comparable position or an award of front pay, in an amount to be proved at trial, if instatement is impractical.

D. Order Defendant to make whole Austin Vogt by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in paragraphs 18-33 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

E. Order Defendant to make whole Austin Vogt by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 18-33 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Austin Vogt punitive damages for its malicious and reckless conduct, as described in paragraphs 18-33 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


/s/ Rudy L. Sustaita
RUDY L. SUSTAITA
Regional Attorney

CONNIE W. GATLIN
Acting Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002

        /s/ Lloyd S. van Oostenrijk
Lloyd S. van Oostenrijk
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 24056467
S.D. Tex. No. 695844
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(346) 327-7718
(713) 651-7995 [facsimile]
lloyd.vanoostenrijk@eeoc.gov