IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, §§§§§ Plaintiff, §§ vs. §§ DIGITAL INTELLIGENCE SYSTEMS, §§ LLC d/b/a DEXIAN DISYS, §§§ Defendant. §§ | NO. 4:25-CV-04589 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Dexian, LLC f/k/a Digital Intelligence Systems, LLC d/b/a Dexian DISYS ("Defendant" or "Dexian")[1] files its Answer and Affirmative and Other Defenses to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff" or "EEOC") Original Complaint ("Complaint").

The allegations in Plaintiff's Complaint are hereinafter answered by the correspondingly numbered paragraphs below. Unless specifically admitted in this pleading, the allegations are denied.

**NATURE OF THE ACTION**

1.   Defendant admits that Plaintiff asserts claims under Title I of the American with Disabilities Act and Title I of the Civil Rights Act of 1991 but denies violating any laws which support any claim for relief by Plaintiff.

---

[1] Plaintiff erroneously named Defendant as "Digital Intelligence Systems, LLC d/b/a Dexian DISYS." The correct entity name is Dexian, LLC f/k/a Digital Intelligence Systems, LLC d/b/a Dexian DISYS.

## JURISDICTION AND VENUE

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division. However, Defendant denies any unlawful practices were committed in Houston, Texas by Defendant or that it engaged in any unlawful employment practices at all.

## PARTIES

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies that its principal address is at 4151 Lafayette Center Dr., Suite 600, Chantilly, VA 20151-1230, but admits the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that the Commission issued to Defendant a Letter of Determination finding reasonable cause. However, Defendant denies that the Commission engaged in good faith methods of conciliation.

11. Defendant admits the Commission engaged in communications with Defendant. However, Defendant denies the Commission provided Defendant with the opportunity to remedy the alleged discriminatory practices described in the Letter of Determination.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 30 of Plaintiff's Complaint.

31.   Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 31 of Plaintiff's Complaint.

32.   Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.   Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.   Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.   Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.   Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.   Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff makes a demand for a jury trial, but denies the allegations suggest that Plaintiff is entitled to a jury trial on any or all issues.

## PRAYER

In response to the WHEREFORE paragraph, Defendant denies all allegations contained therein. Defendant also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

Any and all allegations in Plaintiff's Original Complaint not expressly admitted herein are hereby denied by Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendant affirmatively pleads the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear. Defendant reserves the right to supplement these pleadings with further applicable defenses as more facts become available. To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

### First Defense

Defendant pleads that Plaintiff's Complaint should be dismissed, in whole or in part, for its failure to state a claim upon which relief can be granted.

### Second Defense

Defendant alternatively pleads that Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

### Third Defense

Defendant alternatively pleads that Plaintiff's claims are barred, or his recovery should be offset, by the after-acquired evidence doctrine.

### Fourth Defense

Defendant alternatively pleads that Plaintiff's claims for actual, compensatory, or punitive damages and other relief are subject to all applicable statutory caps and limitations.

### Fifth Defense

Defendant alternatively pleads that Plaintiff cannot recover punitive damages for any alleged discrimination or retaliation because any such alleged discrimination or retaliation would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

Defendant had anti-discrimination and anti-retaliation policies in place and educated its employees on these policies.

### Sixth Defense

Defendant alternatively pleads that Plaintiff's lawsuit is barred, in whole or in part, by his failure to exhaust and/or utilize available administrative remedies.

### Seventh Defense

To the extent Plaintiff's claims and allegations of discrimination exceed the reasonable scope and investigation of the Charge of Discrimination that Vogt filed with the Equal Employment Opportunity Commission, such claims and allegations are barred.

### Eighth Defense

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by his failure to comply with the applicable statutes of limitation.

### Ninth Defense

Defendant alternatively pleads that the alleged adverse employment actions, if any, with respect to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

### Tenth Defense

Defendant alternatively pleads that its employment actions taken with respect to Plaintiff would have been taken even in the absence of any allegedly impermissible factors.

### Eleventh Defense

Defendant alternatively pleads that Plaintiff has failed, in whole or in part, to mitigate any and all damages, and that Defendant is entitled to an offset for any amount earned by Plaintiff or which Plaintiff should have earned.

**Twelfth Defense**

Defendant alternatively pleads that Plaintiff's lawsuit is barred, in whole or in part, by the doctrine of laches.

**Thirteenth Defense**

Defendant reserves the right to plead additional defenses as appropriate.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Dexian, LLC f/k/a Digital Intelligence Systems, LLC d/b/a Dexian DISYS respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled.

Respectfully submitted,

Of counsel:

M. Isabel Campos
State Bar No. 24138097
[*Application for admission forthcoming*]
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
icampos@littler.com

/s/ David Jordan
David Jordan (Attorney-in-Charge)
State Bar No. 24032603
Fed. I.D. No. 40416
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.941.9400 (Telephone)
713.951.9212 (Telecopier)
djordan@littler.com

ATTORNEYS FOR DEFENDANT
DEXIAN, LLC F/K/A DIGITAL INTELLIGENCE SYSTEMS, LLC D/B/A DEXIAN DISYS

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I electronically filed the foregoing using the CM/ECF system, which will automatically notify the following counsel of record:

Claudia Molina-Antanaitis
Attorney-in-charge
S.D. Texas No. 1037069
Md Bar No. 0212180252
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 6th Floor
Houston, Texas 77002
346.327.7711 (Telephone)
713.651.7995 (Fascimile)
Claudia.molina@eeoc.gov

Lloyd S. van Oostenrijk
Texas Bar No. 24056467
Fed. I.D. No. 695844
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th floor
Houston, Texas 77002
346.327.7718 (Telephone)
713.651.7995 (Facsimile)
lloyd.vanoostenrijk@eeoc.gov

Rudy L. Sustaita
Connie W. Gatlin
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002

ATTORNEYS FOR PLAINTIFF

                                            */s/ David Jordan*
                                            David Jordan